Read,. J.
This case was reserved for the determination of the single question, .whether a recovery could be had upon lost negotiable paper, at law, or whether the remedy, in such case, was in equity.
Upon this question, there is a conflict of decisions, both in England and the United States. In the decisions which have been made, different'and various reasons have been assigned in support of either side; but from a careful review of the authorities, and a full comprehension of the principles of law controlling the transfer and fixing the right of holders of negotiable paper, it would seem -that the only difficulty in the case grows out of the question of indemnity. All other matters, and the rights of parties, can be governed, controlled and modified in a court of law as well as equity.
It isa necessary and fundamental principle of negotiable paper, that the innocent holder receiving it before due, is entitled to its proceeds. This-is the essence and life of its negotiability. . Hence, if the maker should be compelled to pay in case of negotiable paper lost before due, such payment would be no bar to the recovery in , the hands of an innocent holder, who had received it before due; and in such case a double recovery might be had upon the same instrument.. But if former payment or recovery would be a complete bar to any subsequent payment or recovery, the reason of the rule ceases, and the objection to a recovery by the owner, no longer exists. Hence, if the circumstances of the case are such that- the negotiable paper can never be produced for payment a second time, or if produced would permit no right of recovery in the hands *247 of the holder, no indemnity in such cáse being required, to • • " guard-against..a second payment, recovery may be had in a 'court of law. ' Thus, if the instrument be .totally destroyed, or if it. pass into the hands of the holder, .charged with alb the equities which exist against the original holder, the action may be at law. Now, it is a well .recognized principle, that negotiable paper received after it is due,.is charged with all the equities existing between the original p'arties. So, if payment be made to the original holder, and a recovery.be had by him, it would constitute a complete bar to another' action - brought by any person who should receive' it after due. But if it be lost before due, and the original holder commence suit, there is á possibility that the paper may be outstanding in' the hands of .an innocent .holder — -upon which recovery could be had; ■and hence the law will not permit, in such case, a recovery to be ‘had until complete indemnity is furnished against such possibility. ■ Now, a court of law has not the.power to compel this indemnity;. and hence is forbidden to give judgment or to entertain jurisdiction of the case. A court of law proceeds upon ■fixed principles, and if the party' is entitled to judgment, he is entitled to execution without limit or restraint. But a court- of equity being called upon'to give its aid, will guard'the rights of all parties, and will not permit a recovery until the party seek-. ing it will guard the opposite, party from a danger which exists by the misfortune of the very person seeking its aid. It will say, Y.ou have been unfortunate in the;loss of your instrument — we-will relieve you from this difficulty, provided you will fully guard the other party from all harm which may, ,by possibility, result from what, except from our aid, would be a misfortune.to you. It has the power to determine the nature of the indemnity and the security.. Hence, in those cases in which indemnity is to be given, relief must be had in equity. A court of law, it is true, -might do the same thing, if it had the .power; and théré is no direct impossibility to prevent its having such powers; yet, as such is not the case in the distribution of law and equity- jurisdiction, as the systems now stand, ■’ relief can only be had in equity. - . '
*248 In the case, however, before the Court, no such difficulty exists, as those notes were lost after they were due.

Judgment for Plaintiffs.

Birchard, J.,
argued that judgment should be entered for the plaintiffs, but doubted the accuracy of the position taken by the majority of the Court. He held that the weight of the evidence showed that the notes sued for were lost and out of circulation. Also, that the Court might order a stay of execution until an indemnifying bond should be filed by the plaintiff. On the hypothesis that the negotiable paper had been found and put in circulation, and had come to the possession of a bona fide holder, for a valuable consideration, in the regular course of trade, without notice, he was of opinion that, under the rules of the commercial code, such holder might collect it. That the defendant, whether the paper was past due when negotiated or not, could not set up as á defence > any matter that arose subsequent to the good title acquired by the bona fide holder.