### THE JUDSON UNIVERSITY v. CLARK KINKAID.

CONSTRUCTION OF CONTRACT — *Condition Precedent.* The only condition precedent in the following written instrument, to wit: "WICHITA, Kas., March 8, 1887.— For value received, upon demand, after the performance of the condition hereinafter mentioned, I promise to pay to the order of the Judson University $1,000, in payment as follows: The condition of the above agreement is, that if the trustees of the Judson University, of Wichita, shall, within 30 days from the 7th day of March, 1887, by a formal resolution, permanently locate the buildings of said university, which are to cost not less than $100,000, upon the following-described tract of land, situated in Sedgwick county, Kansas, to wit: Lot 1, section 4, township 28, range 1 east 6th principal meridian, then this agreement to remain in full force and effect; otherwise, to be null and void, [Signed] CLARK KINKAID," is the permanent location. The statement of the cost of the buildings is a mere stipulation, and it is not necessary that buildings costing that amount should be erected before payment can be enforced of the amount of the subscription.

*Error from Sedgwick Common Pleas Court.*

ACTION by the *Judson University,* a corporation, against *Kinkaid,* on a certain written instrument. October 22, 1889, there was a judgment dismissing the case and overruling a motion for a new trial. Plaintiff comes to this court. The opinion states the facts.

24 — 50 KAS.

*Campell & Dyer,* and *W. J. Babb,* for plaintiff in error:

The execution of the instrument imports a consideration, and none need be proved by the plaintiff. There is but one condition in the instrument, and whatever that condition is, it was to be performed within 30 days, and is very plainly expressed in the note to be the passage of a resolution locating the buildings of the university. As to the cost of the building, which was to be $100,000, if the language used amounted to anything more than an advertisement, which would serve to enhance the value of the defendant's land in the vicinity, it was merely a stipulation, but not a condition precedent to the payment. This case is similar to the cases of *Swartwout v. Railroad Co.,* 24 Mich. 404; *Chamberlain v. Railroad Co.,* 15 Ohio St. 242; *Railroad Co. v. Sherman,* 8 R. I. 564. See, also, *Wesleyan College v. Higgins,* 16 Ohio St. 20.

*J. V. Daugherty,* and *Stanley & Hume,* for defendant in error:

The contract sued on in this action contains no request, either by expressed terms or by implication, that the plaintiff incur any expenses or liabilities whatever; on the contrary, the plaintiff, by the contract, volunteers to incur all of the expenses necessary to construct the university buildings to the extent of $100,000; therefore the case of *Wesleyan College v. Higgins,* 16 Ohio St. 20, has no application. Being a contract to pay money upon condition, the conditions must be construed against the obligee. 2 Pars. Contr., pp. 641, 657, and notes. Before the plaintiff can recover upon such a contract, he must prove a substantial compliance with the conditions of the contract. *Hollis v. Schaefer,* 38 Kas. 492.

The authorities cited by the plaintiff in error are not applicable to the case at bar. The cases of *Swartwout v. Railroad Co.,* 24 Mich. 404; *Chamberlain v. Railroad Co.,* 15 Ohio St. 242; and *Railroad Co. v. Sherman,* 8 R. I. 564, were each actions brought to enforce the payment of subscriptions to the capital stock of a railroad company organized for the purpose

of constructing lines of railroad over a certain designated route. In all of these cases the subscriptions were solicited to create a fund with which to construct the respective roads, and when the defendants or subscribers in these cases signed their subscriptions the parties became in a certain sense members of the corporation, and promoters of the various enterprises for which the companies were organized.

The plaintiff seeks to uphold the contract sued on by trying to show that the plaintiff had incurred debts or liabilities upon the faith of the promise made by the defendant, and cites *Wesleyan College v. Higgins,* 16 Ohio St. 20, in support of his position. This claim cannot be sustained. See, also, *Philomath College v. Hartless,* 6 Ore. 158.

Opinion by SIMPSON, C.: This suit was brought upon a written instrument that reads:

"WICHITA, KAS., March 8, 1887.—For value received, upon demand, after the performance of the condition hereinafter mentioned, I promise to pay to the order of the Judson University $1,000, in payments as follows: The condition of the above agreement is, that if the trustees of the Judson University, of Wichita, shall, within 30 days from the 7th day of March, 1887, by a formal resolution, permanently locate the buildings of said university, which are to cost not less than $100,000, upon the following-described tract of land, situated in Sedgwick county, Kansas, to wit, lot 1, section 4, township 28, range 1 east 6 P. M., then this agreement to remain in full force and effect; otherwise, to be null and void.

[Signed]        CLARK KINKAID."

The petition alleges compliance and performance by the university, payment by Kinkaid of $400 on May 18, 1887, and demand for the balance. The answer admits the execution of the written instrument; and, secondly, alleges that the consideration for the promise sued on was an agreement on the part of the university to locate its buildings on the land described, to cost not less than $100,000; but that the plaintiff did not perform said condition, but on the contrary had abandoned all work on the buildings. The third defense

is, that at the time of the execution of the written instrument sued on, the plaintiff agreed to execute a good and sufficient bond in the sum of $100,000, as security for the faithful performance of its agreement, and had failed to do so; and by such failure there was no consideration for his promise. The fourth defense is, that he was induced to execute the written instrument by the false representations of the plaintiff, its officers, directors, and agents. These representations were that the plaintiff was possessed of a fund of $100,000, and had on hand a sufficient sum of money to erect the buildings, etc. The reply was a general denial of new matter. At the trial, the court sustained a demurrer to the evidence of the university, and dismissed the case, at the costs of the plaintiff, and overruled a motion for a new trial.

The principal question, and the controlling one, is the proper construction of the written instrument sued on, the trial court holding that the words "which are to cost not less than $100,000" contain a condition that had to be performed before a recovery could be had on the written instrument. It seems plain, both from judicial authority and from the conduct of the parties, that the words in the written subscription paper, to wit, "which are to cost not less than $100,000," are a mere stipulation, rather than a condition precedent to be performed by the university before payment of the sum subscribed can be enforced. The controlling condition with Kinkaid was the location on the particular land described; the other words are descriptive of the building. This is evident by the language used. The written instrument states "the condition of the above agreement is, that the trustees shall, within 30 days from the 7th day of March, 1887, by a formal resolution, permanently locate the buildings of said university upon lot 1," etc. This expresses but a single condition. The only condition precedent to payment was location, the other words being a statement of the cost of the buildings to be erected. The condition was to be performed within 30 days, and no time was fixed within which the construction of buildings was to be commenced or completed.

Within 30 days from the subscription, the location was formally made, by resolution. On the 18th day of May, 1887, Kinkaid paid $400 on his subscription, and by this act plainly indicated that the construction of the buildings was not regarded by him as a condition precedent to payment. This case is similar to the cases of *Swartwout v. Railroad Co.*, 24 Mich. 404; *Chamberlain v. Railroad Co.*, 15 Ohio St. 242; *Railroad Co. v. Sherman*, 8 R. I. 564.

Another cause of reversal exists in the exclusion of evidence offered by the university tending to show the payment of the part of the subscription and the promise to pay the balance when called for, as this payment and promise plainly indicate the construction placed upon the written instrument by the defendant in error.

It was error in the court to sustain the demurrer to the evidence of the plaintiff below. We recommend that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.